UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kai-Eathe Samyl Lee, | Case No. 2:24-cv-00179-CDS-NJK |
| Plaintiff | **Order Granting Remand and Closing Case** |
| v. | |
| The Vons Companies, Inc., et al., | [ECF No. 26] |
| Defendants | |

This action involves a slip and fall suffered by plaintiff Kai-Eathe Samyl Lee at defendant Vons Companies, Inc.'s store. In November 2023, Lee filed this matter in the Eighth Judicial District Court against defendants Von Companies and Dennis Mann, the acting general manager of the Vons store where the incident occurred. Compl., ECF No. 1-2 at 4. In January 2024, Vons filed a notice of removal alleging diversity jurisdiction. ECF No. 1. In February 2024, Lee filed a motion to remand this action, arguing removal was improper because there is a lack of complete diversity, the amount in controversy does not exceed $75,000, removal was untimely, Mann did not join in the notice of removal, and defendants waived removal. *See generally* ECF No. 26. For the reasons herein, Lee's motion for remand is granted.

I.  Background

Lee alleges that, while walking into a Vons store, she slipped and fell on a "white/yellow substance/liquid, that appeared to be broken eggs." Am. Compl., ECF No. 32 at 4. She further alleges that she "fell backwards[,] landing on the left side onto tile." *Id*. Lee claims that a Vons employee dropped the eggs but failed to report or secure the area so patrons would not be injured by this "known dangerous condition." *Id*.

In November 2023, Lee filed a complaint against Vons (a foreign corporation doing business in Nevada), Mann (a Nevada resident), and several Roe defendants in the Eighth

Judicial District Court alleging two causes of action: (1) negligence and (2) res ispa loquitur. ECF No. 1-2 at 4–10. In December 2023, defendants filed an answer and third-party complaint against Scanscape USA IRI Worldwide, an Illinois corporation. Defs.' Ex. B, ECF No. 28-2. Defendants allege that Scanscape employee, Jackson Nightshade, knocked a carton of eggs off the shelf, causing eggs to fall and break on the floor. *Id*. at 8. Vons alleges that it is entitled to indemnity and contribution from Scanscape for any liability or payment to Lee. *See generally id.*

In January 2024, Lee filed a request for exemption from arbitration. Defs.' Ex. C, ECF No. 28-3. The request states that Lee's "total special damages are, to date, at least $37,118.00 and will continue to accrue." *Id*. at 5 (emphasis removed). Later that month, Lee filed an amended complaint, adding Scanscape as a defendant. ECF No. 1-2 at 49. Thereafter, Vons filed the notice of removal. ECF No. 1.

In February 2024, Lee moved to remand this matter back to the Eighth Judicial District Court arguing removal was improper because Mann did not join in the notice of removal, there is a lack of complete diversity, the amount in controversy does not exceed $75,000, removal was untimely, and because defendants waived removal. *See generally* ECF No. 26. Defendants oppose remand. *See generally* ECF No. 28. The motion is fully briefed. *See generally* ECF No. 35.

## II.    Legal standard

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain

requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). In order to protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

### III. Discussion

Defendants argue that remand is improper because Mann was fraudulently named as a defendant solely to defeat diversity, the amount in controversy exceeds the jurisdictional limit of $75,000, removal was timely, all defendants consented to removal and the first served defendant rule no longer is the majority rule, and it did not waive its right to removal by filing an answer. ECF No. 28.

#### A. Diversity jurisdiction

A district court has subject matter jurisdiction only where the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a).

In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, like in this case, when removal jurisdiction is challenged by a plaintiff, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a

3

preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* at 1090 (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

Defendants concede that the complaint does not allege an amount in controversy over the jurisdictional threshold. ECF No. 28 at 13 ("Plaintiff's Complaint did not, on its face, evidence the amount in controversy…"). Instead, defendants argue that the total of special damages listed on Lee's request for exemption of arbitration, considered together with additional costs, meets the jurisdictional threshold. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000—exclusive of interest and costs. 28 U.S.C. 1332(a).

Here, the sole evidence defendants provide to support that the jurisdictional threshold is Lee's request to be exempt from arbitration. ECF No. 28 at 8. However, the document clearly indicates that the threshold is not met because the special damages listed total $37,118. Defs.' Ex. C, ECF No. 28-3 at 5. Defendants attempt to argue that the amount in controversy exceeds $75,000 because "it is very likely that a Clark County jury could award [Lee] general damages that are two and half times greater than her special damages. Such a verdict would total $92,795.00, which exceeds the threshold requirement" and "[i]t is well known that Clark

County juries are generous and that this suggested award is well within probable verdict ranges in Las Vegas[.]" ECF No. 28 at 8. Defendants also argue that the jurisdictional threshold is met because Lee intends to "retain[]experts to provide opinions as to future care she will require and loss of household services." *Id*. But this attempt to cobble together an amount in controversy over $75,000 fails. These hypotheticals are not evidence that the jurisdictional threshold is satisfied.

Given the presumption against removal, I find that defendants have not met their burden to establish the amount in controversy requirement by a preponderance of evidence. Accordingly, even assuming that the parties are diverse in citizenship, diversity jurisdiction is not satisfied. Thus, remand is proper.

Under 28 U.S.C. §1441(b), diversity jurisdiction cases are only "removable if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder" is a term of art: "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation marks and alterations omitted). There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts; or, (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Fraudulent joinder is established the second way if a defendant shows that an "individual[] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046.

A defendant must prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, defendants argue that because Mann is a Nevada resident, Lee sued Mann to defeat diversity jurisdiction. ECF No. 28 at 7. Defendants aver Mann was not working at the time of the incident and thus had no control over the premises where the slip and fall occurred and owed no duty of care to Lee. *Id*. Defendants further argue that, even if Mann was working at the time of the incident, "the case law is clear that to the extent Mann is liable in this matter, his actions or inactions would be attributable to Vons, not Mann." *Id*. But defendants offered no evidence or law in support of these arguments. *See id*.

Further, the amended complaint makes direct allegations against Mann, including that Mann negligently causing a dangerous condition to exist, allowed the dangerous condition to remain in existence for an unreasonable length of time, failed to warn Lee of the danger, allowed the subject walkway to be in a dangerous condition by permitting the dangerous condition to exist, among others. Am. Compl., ECF No. 1-2 at 52. While Lee may ultimately not prevail against Mann in state court, the court cannot say that defendants have established by clear and convincing evidence that there is no possibility that Lee will not prevail against Mann. *See Milligan v. Wal-Mart Stores, Inc.*, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014) ("In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims."); *see also Nemazee v. Premier*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (citation omitted) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.") As such, defendants have not met their burden to show that Mann was fraudulently joined and there is not diversity between the parties because Lee and Mann are Nevada residents. Therefore, I lack jurisdiction over this action.

### B. Timeliness of removal

Under the federal removal statute, a case that implicates federal question or diversity jurisdiction is removable within 30 days after formal service of process of the initial pleading, and the 30-day window does not begin until the plaintiff has effectuated formal service of process. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 354 (1999). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants argue that removal was timely because it occurred within 30 days of Lee's request for exemption from arbitration, which defendants allege is the first pleading where they became aware that the amount in controversy met the jurisdictional requirement of $75,000. ECF No. 28 at 9. However, the amount in controversy is not the only argument defendants make that would warrant removal; defendants also argue that removal is proper because Mann was fraudulently joined. ECF No. 28 at 4. Mann was a named defendant in the first complaint which was filed on November 10, 2023, and states that Mann is a Nevada resident. ECF No. 1-2 at 10. So, even if defendants "became aware" that the amount in controversy exceeded $75,000 in January 2024 and removed this action within 30 days thereafter, the issue of fraudulent joinder came to their attention when served with the original complaint. Mann was served with the complaint on November 21, 2023. Mann's notice of service, Pl.'s Ex. 2, ECF No. 26-2. And Vons was served with the complaint the following day on November 22, 2023. Vons' notice of service, Pl.'s Ex. 3, ECF No. 26-3. Thus, defendants should have removed this action, based on the alleged fraudulent joinder, on December 21, 2023 at the latest. Therefore, removal was not timely. Accordingly, I grant Lee's motion to remand. Because there are three bases for remand, I do not address the other arguments on the merits.

### IV. Attorney's fees

Lee seeks attorney's fees as sanction under 28 USC 1446(a) and 1447(c) because "[r]emoval was completely improper and untimely." ECF No. 26 at 17. Defendants oppose attorney's fees, arguing they had "a good faith belief in the for removal." ECF No. 28 at 13. Specifically, defendants argue that they had "a good faith belief in the legal theory of fraudulent joinder and that the amount in controversy exceeds $75,000." *Id.*

"Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

However, having found that Mann was not fraudulently joined and therefore there is no basis for diversity jurisdiction here,[1] and further, that defendants did not argue fraudulent joinder within 30 days of when the issue could have first become evident, I cannot find that defendants removed this action in good faith.

Accordingly, I grant Lee attorney's fees incurred in litigating remand. Lee shall submit a motion for attorney's fees, and a proposed order,[2] that complies with Federal Rule of Civil Procedure 54(d) and Local Rule 54-14 within 14 days of this order. Any opposition to the motion is due 14 days thereafter. *See* LR 7-2(b) (deadline for responses to motions, other than those for summary judgment, is 14 days after service of the motion).

---

[1] *See supra*, pgs. 5-7.

[2] The proposed order should be sent to chambers (CDS_chambers@nvd.uscourts.gov) in Microsoft Word format.

V.  Conclusion

IT IS ORDERED that Lee's motion for remand **[ECF No. 26] is granted.**

IT IS FURTHER ORDERED that Lee must submit a motion for attorney's fees, and a proposed order, that complies with Federal Rule of Civil Procedure 54(d) and Local Rule 54-14 within 14 days of this order.

The Clerk of Court is kindly instructed to remand this matter to the Eighth Judicial District Court, Department 22, Case No. A-23-881370-C, and to close this case.

Dated: April 19, 2024

_____
Cristina D. Silva
United States District Judge