UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kai-Eathe Samyl Lee, | Case No. 2:24-cv-00179-CDS-NJK |
| Plaintiff | **Order Granting in Part Motion for Attorney's Fees and Costs** |
| v. | |
| The Vons Companies, Inc., et al., | [ECF No. 42] |
| Defendants | |

This was a slip and fall action initiated by plaintiff Kai-Eathe Samyl Lee in the Eighth Judicial District Court, Clark County, Nevada in November of 2023. In January 2024, defendant Vons Companies, Inc., removed this action to this court based on alleged diversity jurisdiction. ECF No. 1. Lee filed a motion to remand (ECF No. 26) which was ultimately granted. Remand order, ECF No. 41. Lee filed a motion for attorney's fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Mot., ECF No. 42. The motion is now fully brief. Opp'n, ECF No. 43[1]; Reply, ECF No. 44. For the reasons set forth herein, I grant Lee's motion for attorney's fees and costs in part and deny Lee's motion for sanctions.

I.   Discussion

   A.   Attorney's fees and costs

"*[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . .*" *Garmong v. Maupin (In re Garmong)*, 2023 U.S. App. LEXIS 26947, *2 (9th Cir. 2023) (internal citation omitted). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

---

[1] Defendants' response was docketed as a Reply, however upon review it is clear this is defendants' opposition.

### *1. Lee's motion for attorney's fees is granted in part.*

I have already determined that plaintiff is entitled to attorney's fees as I granted plaintiff's request for such when I issued the remand order.[2] *See* ECF No. 41 at 8. But, as noted by defendants,[3] my order was **limited** to plaintiff's "fees incurrent in litigating remand." *Id.* Lee's motion seeks fees unrelated to litigating the remand motion and includes a motion for Federal Rule of Civil Procedure 11 sanctions.[4] To the extent Lee sought to expand my order regarding the scope of fees owed, she should have filed a motion for reconsideration but failed to do so. I am not inclined to expand or amend my previous order limiting fees to those related to litigating the remand order, so I turn to the reasonableness of Lee's requested fees related to litigating the remand motion.

One acceptable method of determining the reasonableness of attorney's fees is applying the "lodestar" method. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). When seeking attorney's fees, a party must comply with Local Rule 54-14, which specifically delineates what must be included in the motion for attorney's fees. *See* LR 54-14. That rule requires any application for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorney performed. *Id.* at (a)(1), (3). Lee's motion and accompanying exhibits provide a very brief description of the work performed, information regarding time utilized, information regarding the requisite skill level for the services provided, the experience, reputation, and ability of the attorney and staff who worked on the case.[5] *See* ECF Nos. 42-2; 42-3; 42-4. Lee's motion also

---

[2] For clarity, given the timeline related to the improper removal, I determine that Vons' removal was objectively unreasonable, but not frivolous. However, this being a close call which is precisely why I limited attorney's fees to those related to litigating the remand motion. At no time did I find that defendants' removal was frivolous or brought in bad faith, as Lee argues here. *See* ECF No. 42 at 3.
[3] Opp'n, ECF No. 43 at 3.
[4] The request for Rule 11 sanctions is addressed further herein.
[5] Lee also presents argument regarding the novelty and difficulty of the motion. ECF No. 42 at 11. Those representations are not persuasive. Lee's motion to remand was run of the mill. Lee's motion also

discusses the undesirability of the case and the fact that this is the first case in which counsel represented the plaintiff. ECF No. 42 at 11. Counsel for Lee argues that he is entitled to attorney's fees in the amount of $750 per hour for his work and $175 per hour for the paralegal work on this action.

Aside from violating my order regarding the scope of fees Lee is permitted to recover, Lee's motion generally meets the lodestar standard, so I grant Lee's motion in part. I reviewed the itemized bill and determined that plaintiff is entitled to 18.9 hours of attorney work and 8.4 hours of paralegal work. Mr. Peetris, counsel for plaintiff, argues that he is entitled to $750 per hour for his work, based on his experience together with the fee agreement with his client, and $175 per hour for the work of his paralegal. ECF No. 42-2. As noted herein, this motion and action is a straightforward personal injury case and related remand motion. There is nothing particularly complex about the case. It is certainly relevant that Mr. Peetris has twenty-seven years of experience, but I do not find any case law supporting an hourly rate of $750. Rather, the most recent approved rate for attorneys with eighteen to thirty years of experience is $500 per hour. *See Zap's Elec., LLC v. Monarch Constr., LLC*, 2024 WL 1721002, at *8 (D. Nev. Apr. 18, 2024) (collecting cases). Lee provides no information regarding the reasonable hourly rate for paralegals. Accordingly, I award Lee's attorney 18.9 hours of fees at the rate of $500 an hour, for a total of $9,450 and 8.4 hours of paralegal work at the rate of $100 an hour, a total of $840.

### 2. Costs

"(A) party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977)). In diversity actions, a federal court must also determine if the requested fees are reasonable pursuant to state law. *See Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 947 (9th Cir. 2009). Nevada provides that

---

discusses the undesirability of the case and the fact that this is the first case in which counsel represented the plaintiff. *Id.*

reasonableness is subject to the discretion of the court, which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (quoting *Univ. of Nevada v. Tarkanian*, 879 P.2d 1180, 1186, 1188 (Nev. 1994)).

As the prevailing party, Lee is entitled to costs pursuant to Rule 54(d). Defendants' opposition to Lee's motion for costs is persuasive. Lee seeks to recover costs from before this case was removed to federal court, thus unrelated to the costs of litigating the remand motion. Accordingly, based on the information before court,[6] Lee is entitled to $25.30 in costs for Pacer's e-filings. Accordingly, Lee's motion for attorney's fees and costs is granted in part. Lee is entitled to attorney's fees in a total amount of $9,450. Lee is also entitled to $840 for the paralegal's work. Last, Lee is entitled to $25.30 in costs.

**B. Lee's motion for Rule 11 sanctions is denied.**

An attorney is subject to Rule 11 sanctions when, inter alia, he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). When sanctions are sought by opposing counsel, opposing counsel **must** comply with Rule 11's "safe harbor" provision. *See Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998) (emphasis added). The safe harbor provision provides that a party may not file a motion for sanctions under Rule 11 unless the party against whom sanctions are sought is served with the motion and given twenty-one days to either withdraw or correct the paper that is the subject of the motion. Fed. R. Civ. P. 11(c)(2). The procedural requirements of Rule 11 are mandatory and strictly enforced. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). There is no evidence that Lee complied with the procedural requirements of Rule 11 so the motion for sanctions is denied.

---

[6] *See* ECF No. 42-4 at 2-5.

II.        Conclusion

IT IS THEREFORE ORDERED that Lee's motion for attorney's fees and costs is **[ECF No. 42] is GRANTED in part**. Lee is entitled to attorney's fees in a total amount of $9,450, $840 for the paralegal's work, and $25.30 in costs.

IT IS FUTHER ORDERED that Lee's motion for sanctions is **DENIED**.

Dated: December 17, 2024

_____
Cristina D. Silva
United States District Judge